UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**

v.                                                       Criminal Action Number
                                                                 3:98CR-21-J
**BRYSON ANDREW**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Andrew's "Motion Pursuant to 18 U.S.C. 3582 Requesting Modification of Sentence," and on Mr. Andrew's "Motion to Vacate Void Judgment." The United States has not responded. After examining Mr. Andrews' arguments, the materials of record and the applicable authorities, the Court is of the opinion that both motions should be denied.

Mr. Andrew entered a guilty plea, and his December 1998 sentence was affirmed on appeal. Thereafter, assisted by counsel, Mr. Andrew filed an unsuccessful motion pursuant to 28 U.S.C. Sec. 2255, again challenging the constitutionality of his sentence calculation. The Sixth Circuit affirmed, and its decision was final in September 2004.

MOTION PURSUANT TO 18 U.S.C. SEC. 3582

Title18 U.S.C. Sec. 3582 ( c) provides, in pertinent part, as follows:

(1) ....
The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

1

> Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, to have authority to make the requested modification, the Court must be able to give an affirmative answer to one of two questions. First, is the requested modification expressly permitted by statute or by Fed.R.Crim.P. 35? Second, was Mr. Andrew sentenced based on a range subsequently lowered by the Sentencing Commission? For the reasons that follow, the Court concludes that the answer to both of these questions is "no," and the Court lacks authority for the requested modification of sentence.

Federal Rule of Criminal Procedure 35(a) provides that a court has authority to correct sentencing errors that arise from math, technical or other clear error. That authority exists for only seven days following sentencing. Mr. Andrew was sentenced several years ago and his motion challenges the same sentence calculation that has twice previously been affirmed on appeal. As neither the "clear error" nor the timeliness provision applies in this case, Fed.R.Crim.P. 35(a) is not properly invoked here. Furthermore, Mr. Andrew has not suggested that there is a statute expressly permitting the requested modification, nor is the Court aware of any such statute.

As to the second question, Mr. Andrew points to <u>Blakely v.Washington</u>, 524 U.S. 296, 124 S.Ct. 2531 (June 24, 2004), which addressed an issue of when a defendant's sentence may be enhanced above the base level on the strength of facts neither found by a jury nor admitted by the defendant. In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court applied <u>Blakely</u> to the United States Sentencing Guidelines, and ruled that they were advisory only. While this did, indeed, inaugurate a change in sentencing practice in United States District

Courts, it neither followed upon nor called for a lowering of the Sentencing Guidelines range pursuant to 28 U.S.C. 994(o).  Title 18 U.S.C. Sec. 3582 ( c)(2) does not give this court general authority to modify sentences that have become final, nor does it authorize such modification upon the occurrence of just any change in the law as it applies to sentencing.  Rather, such modification authority is granted *only* where the Sentencing Guidelines Commission has itself lowered the guideline range.  In fact, the Sentencing Guideline range for Mr. Andrew's offense and offender characteristics remains the same as it was at the time he was sentenced.

     This may seem an overly technical interpretation of the law, but it is, in fact, the interpretation required by the language of the statute.  This Court has no authority to ignore the language of a statute or to broaden it beyond its explicit language.  The <u>Blakely</u> and <u>Booker</u> decisions were not changes in sentencing guidelines; rather, they represented changes in *constitutional* interpretation.  The avenue for challenging a sentence on grounds that it is unconstitutional is not 18 U.S.C. Sec. 3582, but rather 28 U.S.C. Section 2255.

     Especially when dealing with a *pro se* litigant, this Court customarily helps litigants avoid unnecessary delay and red tape by treating a motion filed under the wrong statute as one filed under the correct statute.  In this case, however, that is not possible.  Mr. Andrew has already prosecuted to finality a 2255 petition raising the issue of unconstitutionality of his sentence.  Thus, even if Mr. Andrew had presented his request as a motion pursuant to 28 U.S.C. Sec. 2255, the Court would lack authority to grant the requested relief, because it would be a "successive" petition.  Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Andrew has offered no such certification. Title 28 U.S.C. Sec. 2244 (3)(A) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. There is no showing of any such prior motion.

While Mr. Andrew could petition the United States Court of Appeals for the Sixth Circuit for an order authorizing a second 2255, such a request would be futile. To grant the authority, the Sixth Circuit would have to find that <u>Booker</u> established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Not only did <u>Booker</u> not expressly make its rule retroactive, but the Sixth Circuit has already ruled on the issue. In <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit ruled that <u>Booker</u> does *not* apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. As Mr. Andrew's conviction was final long before either <u>Blakely</u> or <u>Booker</u>, <u>Booker</u> does not apply to his case.

MOTION TO VACATE VOID JUDGMENT

Mr. Andrew has filed a motion arguing that the statutes he was convicted of violating had not been enacted properly into law; therefore, he argues, he could not be convicted of violating these statutes and the judgment against him is void.[1] In support of his argument, he submits his

---

[1] The Motion and Brief to Vacate Void Judgment is itself a remarkably ecumenical exercise in legal over-inclusiveness: The paper bears Mr. Andrew's federal case caption; it immediately proceeds to identify the petitioner as "Tommie Lewis Penson" (a Missouri

own affidavit stating that he had not been able to find the enacting clauses in 21 U.S.C. Secs. 812 and 841.

It is true that statutory compilations like the United States Code customarily omit such matter as the enacting clause. However, the official enactment is the Public Law. In the case of both sections in issue here, the enactment clause appears in the relevant Public Laws cited in the United States Code Annotated: Pub.L. 91-513, Title II, § 202, Oct. 27, 1970, 84 Stat. 1247; Pub.L. 95-633, Title I, § 103, Nov. 10, 1978, 92 Stat. 3772; Pub.L. 98-473, Title II, §§ 507©), 509(b), Oct. 12, 1984, 98 Stat. 2071, 2072; Pub.L. 99-570, Title I, § 1867, Oct. 27, 1986, 100 Stat. 3207-55; Pub.L. 99-646, § 84, Nov. 10, 1986, 100 Stat. 3619; Pub.L. 101-647, Title XIX, § 1902(a), Nov. 29, 1990, 104 Stat. 4851, Pub.L. 91-513, Title II, § 401, Oct. 27, 1970, 84 Stat. 1260; Pub.L. 95-633, Title II, § 201, Nov. 10, 1978, 92 Stat. 3774; Pub.L. 96-359, § 8©), Sept. 26, 1980, 94 Stat. 1194; Pub.L. 98-473, Title II, §§ 224(a), 502, 503(b)(1), (2), Oct. 12, 1984, 98 Stat. 2030, 2068, 2070; Pub.L. 99- 570, Title I, §§ 1002, 1003(a), 1004(a), 1005(a), 1103, Title XV, § 15005, Oct. 27, 1986, 100 Stat. 3207-2, 3207-5, 3207-6, 3207-11, 3207-192; Pub.L. 100-690, Title VI, §§ 6055, 6254(h), 6452(a), 6470(g), (h), 6479, Nov. 18, 1988, 102 Stat. 4318, 4367, 4371, 4378, 4381; Pub.L. 101-647, Title X, § 1002(e), Title XII, § 1202, Title XXXV, § 3599K, Nov. 29, 1990, 104 Stat. 4828, 4830, 4932; Pub.L. 103-322, Title IX, § 90105(a), ©), Title XVIII, § 180201(b)(2)(A), Sept. 13, 1994, 108 Stat. 1987, 1988, 2047; Pub.L. 104- 237, Title II, § 206(a), Title III, § 302(a), Oct. 3, 1996, 110 Stat. 3103, 3105; Pub.L. 104-305, § 2(a), (b)(1), Oct. 13, 1996, 110 Stat. 3807; Pub.L. 105-277, Div. E, § 2(a), Oct. 21, 1998, 112 Stat.

---

counterfeiter); it bases its claim on an Illinois state constitutional provision; and it cites numerous state court decisions interpreting state law.

2681-759; Pub.L. 106-172, §§ 3(b)(1), 5(b), 9, Feb. 18, 2000, 114 Stat. 9, 10, 13; Pub.L. 107-273, Div. B, Title III, § 3005(a), Title IV, § 4002(d)(2)(A), Nov. 2, 2002, 116 Stat. 1805, 1809.

Beyond the general statement that he was not able to find the enacting clauses, Mr. Andrew has not cited any authority for the notion that the statutes in issue were not duly enacted or were otherwise void.  Furthermore,  the Supreme Court has made clear that any defects in an indictment do not implicate a district court's subject-matter jurisdiction. United States v. Cotton, 535 U.S. 625, 629-31 (2002); see also United States v. Titterington, 374 F.3d 453 (6th Cir.2004).

Accordingly,

IT IS ORDERED:

1.  The motion for modification (Docket Number 113) and the motion to vacate (Docket Number 115) are denied as without merit.

2.  As the applicable law is clear and beyond debate, any appeal from this judgment would not be taken in good faith.

This is a final order.